UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**TIFFANY CUMMINGS, et al.**            **CIVIL ACTION**

**VERSUS**            **NO: 19-1377**

**AMERICREDIT FINANCIAL**            **SECTION: T(2)**
**SERVICES, et al.**

## ORDER

Before the Court is a motion to sever[1] filed by Tiffany Cummings, Carolyn Sanders, Crystal Shook, Danila Zaldivar, Deborah Hernandez, Gillian Clyne, Jair Alvarez, Matthew Brumfield, Michael Green, Rafael Pichardo, Stephany Hernandez, and Victor Vega (collectively, "Plaintiffs"). Pennsylvania Higher Education Assistance Agency d/b/a Fedloan Servicing d/b/a American Education Services ("PHEAA") has filed a reply.[2] PHEAA has also filed its own Motion to Clarify Prior Court Order,[3] to which Plaintiffs have filed a response.[4] PHEAA then filed a reply in support of its motion to clarify.[5] For the following reasons, the plaintiffs' motion to sever is **GRANTED** and PHEAA's motion to clarify is also **GRANTED**.

## FACTUAL AND PROCEDURAL BACKGROUND

This lawsuit involves Plaintiffs' claims for alleged violations of the Fair Credit Reporting Act ("FCRA") by PHEAA, Americredit Financial Services, Inc. d/b/a GM Financial, Transunion, LLC, JPMorgan Chase Bank, N.A. (named as Chase Auto Finance), Capital One, Navient Solutions, LLC (named as Navient), Specialized Loan Servicing, Chase Corporation, and USDOE/GLELSI (collectively, "Defendants"). Each Plaintiff asserts a claim against Transunion,

---

[1] R. Doc. 30.
[2] R. Doc. 44.
[3] R. Doc. 68.
[4] R. Doc. 73.
[5] R. Doc. 76.

1

LLC.[6] Each Plaintiff also asserts a claim against at least one of the other Defendants.[7] On April 2, 2019, PHEAA filed a motion to sever Plaintiffs' claims as improperly joined under Rule 20 of the Federal Rules of Civil Procedure.[8] On April 30, 2019, Plaintiffs filed the instant voluntary motion to sever their claims,[9] and the Court denied PHEAA's motion to sever as moot.[10]

Plaintiffs contend this suit was initially filed as a single action for the sake of judicial economy, but that severance is appropriate in light of recent rulings from the Eastern District of Texas.[11] In *Fikes v. ARS Account Resolutions,* the court severed the FCRA claims of seventeen plaintiffs against two defendants reasoning that the claims arose out of separate transactions and occurrences because each plaintiff held individual accounts, individually disputed their claims, and individually assessed the accuracy of their reported credit history.[12] Citing *Fikes*, the court in *Valdez, et al. v. GM Financial, et al.,* granted the plaintiffs' voluntary motion to sever their FCRA claims against seven defendants reasoning that the plaintiffs' claims were similar to the claims in *Fikes*.[13] In the instant motion, Plaintiffs request the Court sever their claims and order the Clerk refile each Plaintiff in this matter, outside the first listed, as a separate matter under a new case number with an effective filing date of February 13, 2019.[14]

PHEAA does not oppose Plaintiffs' request to sever all of the claims but the claim of the first-named plaintiff, Tiffany Cummings.[15] However, PHEAA opposes Plaintiffs' request that the

---

[6] R. Doc. 1.
[7] R. Doc. 1.
[8] R. Doc. 16.
[9] R. Doc. 30.
[10] R. Doc. 64.
[11] R. Doc. 30-1, p.9 (*citing Fikes v. ARS Account Resolutions,* 4:18-cv-00220, 2019 WL 1224825 (E.D. Tex. Mar. 15, 2019); *Valdez, et al. v. GM Financial, et al.,*4:18-cv-00870 (E.D. Tex. April 18, 2019)).
[12] *Fikes*, 2019 WL 1224825, at *2.
[13] R. Doc. 30-9, Exhibit C, the order granting plaintiffs' motion to sever in *Valdez, et al.,* 4:18-cv-00870 at *2 (*citing Fikes*, 2019 WL 1224825).
[14] R. Doc. 30-5..
[15] R. Doc. 44.

Court instruct the Clerk to refile the severed claims as new cases in the Eastern District of Louisiana for the reasons in PHEAA's reply brief in support of its earlier motion to sever and dismiss Plaintiffs' claims.[16] PHEAA asserts that this Court is an inappropriate venue for some of the Plaintiffs' claims,[17] and that the appropriate course of action is to dismiss the severed claims without prejudice so that each plaintiff can refile a separate, individual action in the appropriate court.[18]

## LAW AND ANALYSIS

Rule 20(a)(1) of the Federal Rules of Civil Procedure provides that plaintiffs may be joined when they assert any right to relief "arising out of the same transaction, occurrence, or series of transactions or occurrences," and if there is "any question of law or fact common to all plaintiffs."[19] Rule 21 of the Federal Rules of Civil Procedure provides "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."[20] A district court has "broad discretion" to permit or deny Rule 21 severance,[21] and may sever an action if it is misjoined or might otherwise cause delay or prejudice.[22] Courts may also consider interests of judicial economy, such as whether identical witnesses or documentary proof support each claim.[23]

The Court finds that the Plaintiffs' claims arise out of separate transactions and occurrences because each Plaintiff will produce different witnesses and documentary evidence to establish the

---

[16] R. Doc. 44 (citing R. Doc. 29); *see also* R. Docs. 68 and 76.
[17] R. Doc. 29.
[18] R. Doc. 29.
[19] Fed. R. Civ. P. 20(a)(1).
[20] Fed. R. Civ. P. 21.
[21] *Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000) (citing *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994)); *see also In re Vioxx Prods. Liab. Lit., MDL No. 1657*, 2008 WL 4681368, at *8 (E.D. La. Oct. 21, 2008).
[22] *Applewhite v. Reichhold Chemicals, Inc*., 67 F.3d 571, 574 (5th Cir. 1995).
[23] *See Adams v. Big Lots Stores, Inc*., No. 08-4326, 2009 WL 2160430, at *2 (E.D. La. July 16, 2009).

3

elements of each FCRA claim. Plaintiffs' claims are similar to the claims in *Fikes*[24] and *Valdez,*[25] where the courts found severance appropriate. The Court finds that severance is appropriate in this case and declines to determine whether venue is appropriate at this juncture. PHEAA will have the opportunity to challenge venue after the claims have been severed.

Although Plaintiffs have voluntarily moved to sever the misjoined claims, rather than dismiss the claims without prejudice, Plaintiffs request this Court instruct the Clerk to refile each claim separately with the original filing date of February 13, 2019. Plaintiffs allege *inter alia* potential prejudice as a result of the running of statutes of limitation if they are required to refile their claims after the Court has ruled on their motion. Notably, Plaintiffs' motion to sever was filed on April 30, 2019. PHEAA argues in response to Plaintiffs' motion to sever, and in its own motion to clarify, that the proper remedy under Rule 21 is simply to drop the misjoined claims, that is, dismiss the claims of all but the first-named plaintiff without prejudice. Nevertheless, the Court is cognizant of the possibility the severed plaintiffs will be prejudiced if their claims are dismissed and they must file separate individual actions given the length of time Plaintiffs' voluntary motion to sever has been pending. Consequently, the Court will adopt in part a procedure for severing cases previously implemented by other sections of the Court.[26]

## **CONCLUSION**

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Plaintiffs' motion to sever is **GRANTED**, and that PHEAA's motion to clarify is also **GRANTED**. All claims, other than those alleged by the first-named

---

[24] *Fikes*, 2019 WL 1224825.
[25] *Valdez, et al.,* 4:18-cv-00870 at *2.
[26] *Davis v. Courtyard Management Corp.*, No. 2:19-cv-01507, R. Doc. 31 (E.D. La. September 5, 2019); *Tureaud v. Markel Ins. Co.*, No. 2:10-cv-00722, R. Doc. 7 (E. D. La. March 9, 2010).

4

plaintiff (Tiffany Cummings) [27] are hereby severed pursuant to Rule 21 of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that Plaintiffs' counsel shall, within 20 days of the date of this order, file an amended complaint for each plaintiff other than the first-named plaintiff (Tiffany Cummings). Each amended complaint shall be filed with the Clerk on paper, not electronically. It shall also be accompanied by a copy of the original complaint and a copy of this order. The filing fee must also accompany the amended complaint.

The caption of each amended complaint shall contain only the individual plaintiff and defendant(s) that are the subject of that specific claim, and the caption shall not include a docket number. Upon filing, the Clerk will assign a new docket number and will allot it at random among the sections of the Court. All pleadings regarding that claim shall thereafter bear the new title, docket number, and section of the new case.

**IT IS FURTHER ORDERED** that plaintiffs shall serve each new amended complaint and summons with a copy of the original complaint and a copy of this order on opposing counsel and on each defendant not yet having appeared in the litigation.

Any substantive pleadings still pending in the original complaint must be refiled in any newly assigned cases to which they pertain.

Any claims not timely brought before the Court by amended complaint as ordered herein will be dismissed without further notice.

**New Orleans, Louisiana**, on this __20th__ day of September, 2019.

                                                 **GREG GERARD GUIDRY**
                                       **UNITED STATES DISTRICT JUDGE**

---

[27] R. Doc. 1.